ABRAM S. GRANT, Respondent, v. OMAHA, KANSAS
CITY & EASTERN RAILWAY CO. et al., Appellants.

St. Louis Court of Appeals, April 29, 1902.

1. Damages: NEGLIGENCE: FIRE. A railroad company is liable
for damages by fire where the evidence shows that the section hands
of a railroad company, by order of the foreman, put out fire on the
right of way of the road where it ran through plaintiff's land, when
it was very dry and a high wind blowing, by reason of which the
fire escaped from the right of way to plaintiff's land and destroyed
a portion of his meadow and burned up his hay.

2. Action: RECEIVER OF RAILROAD: PRACTICE, TRIAL: AC-
TION AGAINST RECEIVER FOR INJURIES BEFORE THE AP-
POINTMENT OF A RECEIVER. An action can be maintained
against a receiver of a railroad by permission of the United States
court which appointed him, for a cause of action which accrued be-
fore the appointment.

Appeal from Knox Circuit Court.—*Hon. Edwin R. McKee,*
Judge.

Affirmed.

*O. D. Jones* and *J. G. Trimble* for appellants.

(1) The peremptory declaration should have been given.
There was no evidence of negligence. The law required the
company to burn off the grass. There is nothing to show that
the men performing this statutory duty did so in a careless
or negligent manner. (2) Destruction of grass by fire is
an injury to the realty and there is no competent evidence
in this case that the realty was injured. Shannon v. Rail-
road, 54 Mo. App. 223. (3) The court had no jurisdiction

·of the cause. The cause of action, if any, accrued before the appointment of receivers. Even if liable they can not be sued without leave of the court which appointed them. The petition alleges such leave but the testimony is silent in regard thereto. That leave has been given is a fact to be proved as any other fact in the case. Smith v. Railroad, 151 Mo. 391.

*L. F. Cottey* for respondent.

(1) This suit was properly brought, and the judgment should be affirmed upon the authority of the following cases: Proctor v. Railway, 42 Mo. App. 124; Combs v. Smith, 78 Mo. 32; Harding v. Nettleton, 86 Mo. 658; Smith v. Railway, 151 Mo. 391. (2) It is well-settled law in this State, that the recitals in a judgment rendered by a court of general jurisdiction, in the absence of affirmative record evidence to the contrary, are conclusively presumed to be true. Nevatt v. Springfield Normal School, 79 Mo. App. 198; Gates v. Tusten, 89 Mo. 13; Schad v. Sharp, 95 Mo. 573. (3) "Such courts proceed by right and not by wrong, and the presumption that they do so will attend their acts and doings, even in causes coming up to this court on error or appeal." St. Louis v. Lanigan, 97 Mo. 180; Black on Judgments, sec. 270. (4) Thomas v. Ins. Co., 47 Mo. App. 169; Yoeman v. Mueller, 33 Mo. App. 343; Moore v. Korte, 77 Mo. App. 500; Taylor v. Scott, 26 Mo. App. 249; Cordell v. Bank, 64 Mo. 600; Phillips v. Phillips, 107 Mo. 360.

BLAND, P. J.—The petition alleges that the Omaha, Kansas City & Eastern Railroad Company is in the hands of Charles Chapman and James Hopkins, as receivers, by order of the United States Circuit Court for the Western District of Missouri made January 7, 1900; that plaintiff has obtained an order from the judge of said circuit court permitting him to bring this suit. For cause of action the petition

alleges, in substance, that on the tenth day of October, 1899, prior to the appointment of the receivers and while the defendant company was operating the road, by the negligence of its agents, employees and section hands, fire was permitted to escape from the right of way of said road on plaintiff's adjoining land by reason whereof the grass and grass roots of his meadow land were destroyed to his damage in the sum of thirty dollars, and ten tons of hay in stacks, of the value of seventy dollars, were also burned up and destroyed.

Defendants Campbell and Hopkins answered for themselves admitting that they were receivers of the property of the road, and denied every other allegation of the petition, and alleged that they were not necessary or appropriate parties to the suit.

A trial was had to the court without a jury. The court found for the plaintiff and assessed his damages at one hundred dollars and rendered judgment against the receivers to be paid out of the property or earnings of the defendant company.

It was admitted on the trial that the plaintiff had received from the judge of the United States Circuit Court for the Western District of Missouri, an order permitting him to bring this suit.

The evidence on plaintiff's behalf satisfactorily shows that the section hands, on the day named in the petition, by order of the foreman put out fire on the right of way of the road where it ran through plaintiff's land; that it was very dry and there was a high wind blowing, by reason of which the fire escaped from the right of way on to plaintiff's land and destroyed a portion of his meadow and burned up about ten tons of hay.

The defendant offered no testimony but demurred to plaintiff's evidence at its close. The refusal of the court to nonsuit plaintiff is assigned as error. We think the evidence satisfactorily shows that it was negligent to put out the fire

on the day alleged, on account of the dry condition of the earth, grass and leaves, and on account of the wind that was then blowing.

The contention of appellant, that the court had no jurisdiction of the cause for the reason that the action accrued before the appointment of the receivers, is untenable.   In Harding v. Nettleton, 86 Mo. 658, it was held that an action might be maintained against a receiver of a railroad by permission of the United States court which appointed him, for the breach of a contract for the purchase of ties made by the railroad before the appointment of the receiver.   In Combs v. Smith, 78 Mo. 32, it was held that an action might be maintained against the receiver of a corporation for a tort committed by the corporation before his appointment.

Discovering no reversible error the judgment is affirmed. *Barclay* and *Goode, JJ.,* concur.